PROB 12C
(6/16)

Report Date: September 5, 2019

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 05, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Zenon Simiano | Case Number: 0980 4:14CR06017-EFS-1 |
| Address of Offender: | Kennewick, Washington 99336 |

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: December 19, 2014

| | | | |
|---|---|---|---|
| Original Offense: | Distribution of Controlled Substance - Methamphetamine, 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(viii) | | |
| Original Sentence: | Prison - 60 months; TSR - 48 months | Type of Supervision: Supervised Release | |
| Revocation Sentence: November 6, 2018 | Prison- 6 months; TSR 24 months | | |
| Asst. U.S. Attorney: | Patrick J. Cashman | Date Supervision Commenced: April 12, 2019 | |
| Defense Attorney: | John Barto McEntire, IV | Date Supervision Expires: April 11, 2021 | |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition # 1**: The defendant shall not commit another Federal, state, or local crime. |
| | **Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by committing the offense of driving with a suspended license in the second degree, on or prior to May 23, 2019. |
| | On April 15, 2019, the offender signed his Judgement in a Criminal Case stating he understood he could not commit any additional criminal acts. |
| | On May 23, 2019, the offender was contacted by an officer with the Kennewick Police Department after he was viewed speeding. Upon being contacted by the officer, it was learned the offender's license was suspended in the second degree. The offender was cited under case number 9Z0570901, in Benton County District Court. |

Prob12C
Re: Simiano, Zenon
September 5, 2019
Page 2

On August 28, 2019, the offender was found guilty of driving with a suspended license in the second degree, and was sentenced to 30 days work release.

2     **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by failing to report to his probation officer on September 3, 2019.

On April 15, 2019, the offender signed his Judgement in a Criminal Case stating he understood he was to report to his supervising officer as directed.

On April 15, 2019, the offender was directed to report in person the first Tuesday of each month to fill out a Monthly Supervision Report and to meet in person with his officer.

On September 3, 2019, the offender failed to report in person as directed. The offender did not make contact by phone or any other means to reschedule the appointment.

3     **Standard Condition # 5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by failing to reside at his approved residence.

On April 15, 2019, the offender signed his Judgement in a Criminal Case stating he understood he was to reside at an approved residence and to advise his supervising officer in advance of any changes.

As noted within Violation Number 2, the offender failed to report for his scheduled appointment on September 3, 2019. As the offender also had multiple other alleged violations, contact was attempted at his home on September 5, 2019. Contact was made with the offender's girlfriend who advised the offender had left the residence on September 2, 2019, and had not returned. The offender had notified her via phone contact that he was going to be turning himself into the Benton County Work Release. Contact was made with the Benton County Work Release, and the offender was not in their program as of September 5, 2019.

At this time, the offenders whereabouts are unknown.

4     **Special Condition # 4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare

upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by being removed from outpatient chemical dependancy treatment for non-compliance on August 27, 2019.

On April 15, 2019, the offender signed his Judgement in a Criminal Case stating he understood he was to undergo a substance abuse assessment and successfully complete the assessed program.

On April 15, 2019, the offender signed his Treatment Services Contract Program Plan agreeing to obtain his assessment at Merit Resource Services. The offender was assessed as needing intensive outpatient treatment, and treatment started on May 6, 2019.

A status report was received from Merit for the month of May stating the offender had not attended self-help groups, had missed two group sessions, and was not participating in treatment. A letter was sent to the offender by Merit stating he needed to contact Merit about the issues or he would be terminated. The offender contacted Merit and he was continued in treatment.

A status report was received for the month of June from Merit stating the offender had failed to show for six of his ten scheduled group and individual counseling sessions. In addition, he had shown no proof of attending his required self-help groups. Again the offender was sent a letter by Merit advising his treatment would be closed if he did not attend an assessment meeting about his lack of engagement in treatment. The offender contacted Merit and he was continued in treatment.

A status report was received for the month of July from Merit stating the offender had attended all ten group and individual treatment sessions but had not provided any documentation of self-help groups. The offender had also failed to report for three random drug tests. The offender was again noted as being "not in compliance" with his treatment, but was moved from intensive outpatient treatment to a lower level of care, outpatient treatment.

A status report was received for the month of August from Merit stating the offender had not attended five of his eight group and individual treatment sessions, he had missed one random drug test, and tested positive for the presence of methamphetamine. The offender was once again sent a letter by Merit to contact their agency about attending a treatment reassessment. The offender did not contact Merit and he was terminated from treatment on August 27, 2019.

5   **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

Prob12C
Re: Simiano, Zenon
September 5, 2019
Page 4

    **Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by failing to report for random drug testing on June 6, 10, 21, 2019; July 8, 15, 25, 2019; and August 13, 2019.

    On April 15, 2019, the offender signed his Judgement in a Criminal Case stating he understood he was to report for random urinalysis testing up to six times per month.

    On April 15, 2019, the offender signed his Treatment Services Contract Program Plan agreeing to call a color line at Merit Resource Services and to report for random drug testing when the color Brown was noted. On each of the dates noted above, the color Brown was called and the offender failed to report for testing. The random drug testing hours were between 7 a.m. and 7 p.m.

6    **Special Condition # 5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

    **Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by using a controlled substance, methamphetamine, on or prior to July 29, 2019, and August 5, 2019. The offender is also considered to be in violation by using a controlled substance, marijuana, on or prior to July 29, 2019.

    On April 15, 2019, the offender signed his Judgement in a Criminal Case stating he understood he could not use controlled substances.

    On July 29, 2019, the offender reported to the probation office in Richland and provided a urine sample for testing. The sample returned presumptive positive for the presence of THC and methamphetamine. The offender admitted he had used both a few days prior. The sample was sent to Alere for confirmation. Alere confirmed the sample positive for THC on August 1, 2019, and positive for methamphetamine on August 5, 2019.

    On August 5, 2019, the offender reported to Merit for a random drug test. The sample was presumptive positive for the presence of methamphetamine and was forwarded to Alere for confirmation.

    On August 11, 2019, the sample was confirmed positive for the presence of methamphetamine.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

Prob12C
Re: Simiano, Zenon
September 5, 2019
Page 5

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   9/5/2019

s/David L. McCary

David L. McCary
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[x]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

*Edward F. Shea*

Signature of Judicial Officer

September 5, 2019

Date